UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIADNA JACOB and INFLUENCES, INC.

                                Plaintiffs,

   -against-

TAYLOR LORENZ, and THE NEW YORK TIMES
COMPANY,

                                Defendants.

No.: 1:21-cv-06807-ER

## **REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a discovery conference via telephone on October 26, 2023. Krista L. Baughman, Esq., Matthew S. Sarelson, Esq., and Jesse D. Franklin-Murdock, Esq. were present on behalf of Plaintiffs Ariadna Jacob and Influences, Inc. (collectively, "Plaintiffs"). Katherine M. Bolger, Esq., and Hilary Oran, Esq., were present on behalf of Defendants Taylor Lorenz and The New York Times Company (collectively, "Defendants"). Plaintiffs and Defendants jointly agree to the following:

1. Rule 26(a) Disclosures. The parties agree that they shall exchange Initial Disclosures on November 17, 2023, and that they shall produce documents referenced in their Initial Disclosures when they respond to the opposing side's First Request for Production of Documents. The parties did not agree to any further changes to the timing, form, or requirements for disclosure under Federal Rule of Civil Procedure 26(a).

2. Subjects, Timing, and Sequence of Discovery. Plaintiffs intend to conduct discovery related to the facts and circumstances of the *New York Times* article Defendants published that forms the basis for Plaintiffs' Second Amended Complaint; Defendant Taylor Lorenz's

knowledge and intent regarding the publication of the article; and the damages Plaintiffs suffered as a result of the publication of the article. Defendants disagree with the scope of Plaintiffs' intended discovery. Given that only one allegedly defamatory statement remains at issue, it is Defendants' position that Plaintiffs are only entitled to discovery related to the facts and circumstances of that statement, including the underlying facts regarding Ms. Jacob's conduct described therein; Lorenz's knowledge and intent regarding the publication of that statement; and the damages Plaintiffs allegedly suffered as a result of the publication of that statement. Defendants intend to conduct discovery relating to these subjects, as well as Plaintiffs' general reputation. The parties agree that discovery should not be conducted in phases. The parties agree that discovery should be completed by July 2, 2024. *See* Section 7, *infra*.

3. Electronically Stored Information. The parties agree that discovery shall take the form of PDFs accompanied by a load file unless native format files are requested based on a reasonable need therefor. The parties did not identify any further issues regarding the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

4. Claims of Privilege. Defendants reserve the right to later invoke the reporters' privilege with respect to certain discovery requests, if necessary. The Parties did not identify any further issues about claims of privilege or protection as trial-preparation materials.

5. Limitations on Discovery. The parties did not agree on any limitations on discovery under the Federal Rules of Civil Procedure or Local Civil Rules. The parties discussed the possibility of mutually waiving the provisions of Local Civil Rule 30.1 relating to the reimbursement of deposition-related travel expenses.  Defendants agree to waive the

provisions of Local Civil Rule 30.1, but reserve their rights to recover costs and fees under New York's anti-SLAPP statute or other applicable laws.

6. <u>Other Orders</u>. The parties are not requesting the issuance of any further orders under Rules 26(c) or under Rule 16(b) and (c) at this time. The parties anticipate filing a Stipulated Protective Order for the Court's review and approval.

7. <u>Proposed Scheduling Order</u>. The parties agree, subject to the Court's review and approval, to the provisions in the proposed Civil Case Discovery Plan and Scheduling Order, a copy of which is attached hereto as **Exhibit 1**.

Dated: October 31, 2023

**DHILLON LAW GROUP INC.**

/s/ *Krista L. Baughman*
Harmeet K. Dhillon
Krista L. Baughman
Jesse D. Franklin-Murdock*
177 Post Street, Suite 700
San Francisco, California 94108
Tel: (415) 443-1700
Fax: (415) 520-6593
Email: Harmeet@dhillonlaw.com;
KBaughman@dhillonlaw.com;
JFranklin-Murdock@dhillonlaw.com

Matthew S. Sarelson
1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
Tel: (415) 682-6827
Fax: (305) 448-5800
Email: MSarelson@dhillonlaw.com

Ronald D. Coleman
50 Park Place, Suite 1105
Newark, New Jersey 07102
Tel: (973) 298-1723
Fax: (415) 520-6593
Email: RColeman@dhillonlaw.com

*Attorneys for Plaintiffs*


**CAMARA & SIBLEY LLP**

/s/ *Joseph Sibley*
Joseph Sibley*
1108 Lacava Street, Suite 110263
Austin, Texas 78701
Tel: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice

**DAVIS WRIGHT TREMAINE LLP**

/s/ *Katherine M. Bolger*
Katherine M. Bolger
Hilary Oran
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel: (212) 489-8230
Fax: (212) 489-8340
Email: katebolger@dwt.com;
hilaryoran@dwt.com

*Attorneys for Defendants*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of October 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

/s/ *Krista L. Baughman*
Harmeet K. Dhillon